# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL FIRE INSURANCE COMPANY OF HARTFORD,<br><br>Plaintiff,<br><br>v.<br><br>TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 13-cv-458 BAS (JLB)<br><br>**ORDER:**<br>**(1) GRANTING DEFENDANT'S AMENDED MOTION FOR SUMMARY JUDGMENT (ECF 34)**<br>**(2) DENYING PLAINTIFF'S AMENDED MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF 32)** |

This matter is before the court on cross motions for summary judgment brought by Plaintiff National Fire Insurance Company of Hartford and Defendant Travelers Property Casualty Company of America. For the reasons set forth below, the court **GRANTS** Defendant's motion and **DENIES** Plaintiff's motion.

## I. BACKGROUND

Plaintiff filed a Complaint on February 26, 2013 in California Superior Court against Defendant, alleging that Defendant owed an equitable contribution to

the settlement paid and attorneys' fees accrued by Plaintiff during Plaintiff's coverage of a personal injury. ECF 1. The facts underlying the Complaint, and the First Amended Complaint filed March 6, 2013, are undisputed for purposes of the summary judgment. The cross-motions instead rest on dueling interpretations of contracts between the insurers and their insureds.

Plaintiff's insured, Coastline, owned and operated a Wendy's franchise in Ramona, California. Joint Statement of Stipulated Facts ("SF") No. 24, ECF 13. SSA, Defendant's insured, was a Distributor to Coastline. *Id.* SSA's employee, Tony Muro, injured himself when he slipped and fell while making a delivery to Coastline's Wendy's. In November 2009, he slipped on grease or oil that Coastline negligently allowed to leak out of the trash. SF No. 14. Plaintiff, as Coastline's commercial general liability insurer, defended the action and then settled it in October of 2011.

Muro filed his suit on September 16, 2010. On December 27, 2010, Coastline tendered the defense and indemnity of the action to SSA, on behalf of Coastline and Plaintiff, pursuant to the Distributorship Agreement. SF No. 25. Travelers reviewed the tender and the policy and determined it owed no coverage because Coastline "is not named, nor does it qualify as an Additional Insured." SF No. 27. As a result, after Plaintiff settled the underlying suit, Plaintiff filed this suit against Defendant alleging Plaintiff is owed an equitable contribution to the indemnity and defense, pursuant to the Distributorship Agreement.

Paragraphs 10 and 19 of the Distributorship agreement are implicated in this dispute:

> [Paragraph 10: "Insurance"]—At all times during the term of this Agreement and any renewal or extension terms, Distributor shall maintain and keep in force and effect for Distributor, the Wendy's System, Wendy's and its affiliates, subsidiaries, and Franchisees within the Territory, with all collectively named as additional insureds, comprehensive general liability and product liability insurance coverage against all claims arising out of the performance by Distributor of its obligations pursuant to this Agreement including,

but not limited to, its negligence or wrongful conduct, and against all claims occurring as a result of the use, delivery or other utilization of any product, or sold, delivered or transferred by Distributor pursuant to this Agreement. Said insurance shall have minimum limits of liability of Ten Million Dollars ($10,000,000.00) per occurrence, or as may otherwise reasonably be agreed by the parties from time to time.

Plaintiff contends that this agreement, between Coastline as Franchisee and SSA as Distributor, requires SSA to provide "comprehensive general liability . . . coverage against all claims . . . not limited to, its negligence or wrongful conduct[.]"

Defendant cites to Paragraph 19(a) of the Distributorship Agreement, which states in pertinent part that "Distributor agrees to indemnify, defend, and save harmless the [Franchisees] against any and all claims, losses, damages, liability, or liens to the extent arising out of the negligent performance or non-performance by Distributor of any of its obligations . . . ; however such indemnification shall not include any loss, damage, injury, liability or claim or lien arising from injury or damage to the extent caused by the negligence, wrongful acts or omissions of Wendy's or its subsidiaries, affiliates."

Under SSA's policy with Defendant, "Additional Insureds" and "Named Insureds" are entitled to differing coverage:

> Omnibus Named Insureds:
>
> The Named Insured included any and all past, present or hereafter formed or acquired subsidiary companies, firms, corporations, limited liability corporations, joint ventures or organizations which are owned, financially controlled, under management control; or for which you are obligated to provide insurance. This supersedes any reference in the policy to newly acquired organizations.

Travelers Ins. Policy 1010, ECF 13.

> Additional Insured:
>
> Any persons or entity with whom you have agreed in a written contract, executed prior to loss to name as an additional insured, but only for the limits agreed to in such contract or the limits of insurance of this policy, whichever is less.

> WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule as an insured but only with respect to liability arising out of your acts or omissions.

Travelers Ins. Policy 1066.

## II. LEGAL STANDARD

Summary judgment is appropriate on "all or any part" of a claim if there is an absence of a genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986) ("*Celotex*"). A fact is material when, under the governing substantive law, the fact could affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *see also Freeman v. Arpaio,* 125 F.3d 732, 735 (9th Cir. 1997). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248. One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. *See Celotex,* 477 U.S. at 323–24.

The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. *See Celotex,* 477 U.S. at 323. "The burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial." *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006) (citing *Celotex*, 477 U.S. at 324).

"When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transportation Brokerage Co., Inc. v. Darden Restaurants, Inc.,* 213 F.3d 474, 480 (9th Cir. 2000) (quoted by *Miller*, 454 F.3d at 987).

"In contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden by pointing out the absence of evidence from the non-moving party. The moving party need not disprove the other party's case." *Miller*, 454 F.3d at 987 (citing *Celotex*, 477 U.S. at 325). "Thus, '[s]ummary judgment for a defendant is appropriate when the plaintiff fails to make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] will bear the burden of proof at trial.' " Miller, 454 F.3d at 987 (quoting *Cleveland v. Policy Management Sys. Corp.,* 526 U.S. 795, 805–06 (1999) (internal quotations omitted)).

A genuine issue at trial cannot be based on disputes over "irrelevant or unnecessary facts[.]" *See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir. 1987). Similarly, "[t]he mere existence of a scintilla of evidence in support of the nonmoving party's position is not sufficient." *Triton Energy Corp. v. Square D. Co.,* 68 F.3d 1216, 1221 (9th Cir. 1995) (citing *Anderson,* 477 U.S. at 252).[1] The party opposing summary judgment must "by [his or her] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Celotex,* 477 U.S. at 324 (quoting Fed. R. Civ. P 56(e)). That party cannot "rest upon the mere allegations or denials of [his or her] pleadings." Fed.R.Civ.P. 56(e).

The Court is not obligated "to scour the records in search of a genuine issue of triable fact." *Keenan v. Allan,* 91 F.3d 1275, 1279 (9th Cir. 1996) (citing *Richards v. Combined Ins. Co.,* 55 F.3d 247, 251 (7th Cir. 1995)). "[T]he district court may limit its review to the documents submitted for the purposes of summary judgment and those parts of the record specifically referenced therein." *Carmen v.*

---

[1] *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (if the moving party meets this initial burden, the nonmoving party cannot defeat summary judgment by merely demonstrating "that there is some metaphysical doubt as to the material facts").

*San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1030 (9th Cir. 2001).

When making its determination, the Court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he [or she] is ruling on a motion for summary judgment." *Anderson*, 477 U.S. at 255.

## IV. ANALYSIS

Equitable contribution for Muro's negligence suit turns exclusively on the interpretations of the two relevant contracts: Defendant's contract with SSA and SSA's Distributor Agreement with Coastline. At oral argument, the parties agreed that Muro's injuries were solely caused by Coastline's negligence. If such negligence actions are covered under the terms of Defendant's contract with SSA, Defendant owes Plaintiff its equitable contribution. Therefore the threshold question in this case is whether negligence actions predicated on Coastline's acts or omissions are entitled to protection under the contract terms.

Contracts are interpreted to give effect to the parties' mutual intentions. *People ex. rel. Lockyer v. R.J. Reynolds Tobacco Co.*, 107 Cal.App.4th 516, 524 (2003). Courts first look to the plain meaning of the contract, and if the urged interpretation is reasonable, looks to whether that interpretation was intended by the parties. 1 Witkin, Summary of Cal. Law (9th ed. 1987) Contracts § 28, summarizing *Lockyer*, 107 Cal.App.4th at 524.

In the present case, based on a reasonable reading of the language of the Distributor Agreement, Coastline seems to have intended to require SSA to secure general liability insurance for all causes of action, including but not limited to negligence, "occurring as a result of the use, delivery or other utilization of any product, or sold, delivered or transferred by Distributor pursuant to this

1  Agreement." Distributor Agreement ¶ 10. Paragraph 19 may exclude liabilities
2  "caused by the negligence, wrongful acts or omissions of Wendy's or its
3  subsidiaries, affiliates" from indemnification. Ultimately, however, as SSA is not a
4  party to this suit, the Court looks to Defendant's agreement with SSA to determine
5  liability in this case. While SSA may have been obligated to provide coverage to
6  Coastline for any personal injury, including those resulting from Coastline's
7  negligence, SSA did not obtain any such insurance from Defendant.

8   Plaintiff argues that if paragraph 10 obligates SSA to provide coverage, the
9  Omnibus Named Insured clause imputes Coastline as a Named Insured. However,
10 Coastline only qualifies as an Additional Insured, for two reasons.

11  First, Coastline bargained for, and obtained, "additional insured" coverage
12 under SSA's policy. "At all times during the term of this Agreement and any
13 renewal or extension terms, Distributor shall maintain and keep in force and effect
14 for Distributor, the Wendy's System, Wendy's and its affiliates, subsidiaries, and
15 Franchisees within the Territory, with all collectively named as *additional*
16 *insureds*[.]" D.A. ¶ 10.

17  Second, parsing the language of the Omnibus Named Insured clause shows
18 that the words "or for which you are obligated to provide insurance" modifies "any
19 and all past, present or hereafter formed or acquired subsidiary companies, firms,
20 corporations, limited liability corporations, joint ventures or organizations[.]"
21 Travelers Policy 1010. While it is torturously constructed and includes a dependent
22 clause after a semicolon, it is clear from the language, construction, and title that
23 the intent of this omnibus provision is to serve as a catch-all for subsidiary
24 companies of the insured. Since Coastline is not a subsidiary company of SSA,
25 Coastline cannot be considered a Named Insured under this contract.

26  Defendant's contract with SSA agrees to cover Additional Insureds, such as
27 Coastline, "only for the limits agreed to in such contract or the limits of insurance
28 of this policy, whichever is less." Travelers Ins. Policy 1066. Because the

Additional Insured provision explicitly extends Additional Insured coverage "only with respect to liability arising out of *your* acts or omissions[,]" coverage under this provision cannot extend to liability resulting from Coastline's negligence. *Id*.

Because Defendant only agreed to cover liability arising from SSA's acts or omissions and the injury in this case resulted exclusively from Coastline's negligent acts or omissions, Defendant owes no equitable contribution to the defense or to indemnify Coastline. Accordingly, Plaintiff's summary judgment motion is **DENIED**, and Defendant's is **GRANTED**.

## V. CONCLUSION

Accordingly, for the foregoing reasons, the Court **ORDERS** the following:

1. Defendant's motion for summary judgment is **GRANTED**, **DISMISSING** Plaintiff's action with prejudice; and
2. Plaintiff's motion for summary judgment is **DENIED.**

**IT IS SO ORDERED.**

Dated: January 22, 2015

*[signature]*
Hon. Cynthia Bashant
United States District Judge